**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. SA-11-CR-785-OG |
| | § | |
| JOSHUA RAMIREZ | § | |

## DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSHUA RAMIREZ, the Defendant in the above styled and numbered cause, and files this Sentencing Memorandum.  In support thereof the Defendant would show the Court as follows:

### INTRODUCTION

### I.

The Defendant was charged with Possession of a Firearm by a Convicted Felon which is a violation of 18 U.S.C. § 922(g)(1).  Pursuant to 18 U.S.C. § 924(a), a person who violates 922(g) shall be fined as provided and imprisoned not more than 10 years, or both.  Prior to the plea in this case, the government filed an Amended Notice of Penalty Enhancement which alleged the Defendant was previously convicted of Aggravated Robbery in Cause No. 96-CR-2712 (the Defendant was a 15 year old juvenile at the time), Aggravated Robbery in Cause No. 98-CR-6262, and Possession of a Deadly Weapon in a Penal Institution in Cause No. 39684.  This enhancement notice informed the Defendant that given his alleged criminal history and pursuant to an enhancement under 924(e)(1), the Defendant's term of imprisonment is not less than 15 years, a term of supervised release of up to 3 years, a fine of up to $250,000.00, and a mandatory special assessment of $100.00.  In the case at bar, there also existed the possibility that the government could indict the Defendant pursuant to

1

924(c) which could add an additional 5 years' imprisonment in addition to the imprisonment under 924(e).

II.

Given the above, the Defendant negotiated with the government to not indict the Defendant pursuant to 924(c), to allow the Defendant to present argument to this Court that the Defendant should not be sentenced pursuant to 924(e), and to cap the Defendant's sentence at 15 years pursuant to a nonbinding Rule 11(c)(1)(B) sentencing recommendation.  The negotiations in this cause were designed to allow the Defendant to present argument to this court that the Defendant's sentence should be less than imprisonment for 15 years.  The Defendant fully understood, however, that since this is a nonbinding plea agreement, this Court could sentence the Defendant to imprisonment for 15 years or to more than 15 years.  This is why the plea agreement at paragraph 2 informs the Defendant that the punishment that may be imposed pursuant to his plea is, in part, a term of imprisonment of 15 years.

A "ROCK IN A SOCK" SHOULD NOT BE CONSIDERED A "VIOLENT FELONY"

I.

The Presentence Investigation Report in paragraph 30 alleges that Cause No. 39684, Possession of a Deadly Weapon in a Penal Institution, involved the Defendant intentionally, knowingly, and recklessly possessing and concealing "a rock in a sock which in the manner of its use and intended use was capable of causing death and serious bodily injury."  Section 46.10 of the Texas Penal Code states in pertinent part that, "A person commits an offense if, while confined in a penal institution, he intentionally, knowingly, or recklessly . . . possesses or conceals a deadly weapon in the penal institution."  18 U.S.C. § 924(e)(2)(B) defines "violent felony" in part as having "as an element the use, attempted use, or threatened use of physical force against the person of

2

another" or "otherwise involves conduct that presents a serious potential risk of physical injury to another." This "otherwise" clause pertains to a prior conviction that is roughly similar in kind as well as degree of risk posed to the enumerated crimes themselves which typically involve purposeful, violent, and aggressive conduct toward another. <u>Begay v. United States</u>, 128 S.Ct. 1581 (2008). Reckless crimes may be excluded from the Armed Career Criminal Act (ACCA). <u>Id.</u> The ACCA focuses on the special danger created when a particular type of offender – a violent criminal – possesses a gun. <u>Id.</u> at 1587. What is at issue is whether there is purposeful, violent, and aggressive conduct toward another. <u>Chambers v. United States</u>, 129 S.Ct. 687, 692 (2009); <u>see also</u> <u>United States v. Archer</u>, 531 F.3d 1347 (11th Cir. 2008) (carrying a concealed firearm no longer considered a violent felony); <u>United States v. Canty</u>, 570 F.3d 1251 (11th Cir. 2009) (same); <u>United States v. Serafin</u>, 562 F.3d 1105 (10th Cir. 2009) (applying <u>Begay</u> modified categorical standard so possession of a short barreled rifle not a crime of violence).

## II.

Paragraph 24 of the Presentence Investigation Report states that the Defendant is an armed career offender because he has three prior convictions described as crimes of violence. The Defendant objects to this paragraph. In the case at bar, intentionally, knowingly, or recklessly possessing and concealing a "rock in a sock" is not purposeful, violent, and aggressive conduct toward another. Cause No. 39684, therefore, should not be considered a "violent felony" pursuant to 924(e), the Defendant should not be subject to an enhanced sentence under 924(e), the Defendant should not be sentenced pursuant to the ACCA, and the Defendant's imprisonment should be less than 15 years.

CAUSE NOS. 96-CR-2712 AND 98-CR-6262 HAD CONCURRENT SENTENCES

I.

In Cause No. 96-CR-2712, the Defendant was only 15 years old at the time the offense was allegedly committed.  The probation was allegedly revoked in Cause No. 96-CR-2712 and the Defendant was allegedly sentenced at the same time to concurrent sentences in Cause Nos. 96-CR-2712 and 98-CR-6262.  Paragraph 24 of the Presentence Investigation Report states that the Defendant is an armed career offender because he has three prior convictions described as crimes of violence. The Defendant objects to this paragraph.  Given that the Defendant was only 15 years old at the time of the alleged offense in 96-CR-2712 and that the sentences in these cases were adjudged at the same time, the Defendant should not be subject to an enhanced sentence under 924(e), the Defendant should not be sentenced pursuant to the ACCA, and the Defendant's imprisonment should be less than 15 years.

APPRENDI AND THE STATUTORY MAXIMUM

I.

The statutory maximum in the case at bar is increased by virtue of the above alleged prior convictions of the Defendant.  This increase is from a maximum of imprisonment of 10 years pursuant to 922(g) to a minimum mandatory term of 15 years pursuant to 924(e).  Since there is no statutory maximum described in this statute, the maximum is life imprisonment.  United States v. Brame, 997 F.2d 1426 (11th Cir. 1993). Paragraph 24 of the Presentence Investigation Report states that the Defendant is an armed career offender because he has three prior convictions described as crimes of violence.  The Defendant objects to this paragraph and to the conclusion that these alleged priors qualify as predicate offenses.  The factual basis of the plea agreement does not state that the Defendant agrees that he was previously convicted of these three felonies.  Pursuant to Apprendi v.

4

New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the Sixth Amendment to the United States Constitution, any facts that establish that a defendant's offense level should be increased, which have not been charged in the indictment or proved to a jury beyond a reasonable doubt, cannot be used to determine a sentence without violating the defendant's constitutional rights.  In the case at bar, the Defendant did not admit, the indictment did not allege, and a jury did not find beyond a reasonable doubt that the Defendant was previously convicted of these three felonies.  The Defendant's constitutional rights would be violated by using these three alleged felonies to increase the Defendant's sentence to a minimum mandatory term of imprisonment for 15 years.  Counsel for the Defendant, therefore, objects to the Presentence Investigation Report stating that the punishment in this cause is not less than 15 years' imprisonment.

<u>MISCELLANEOUS</u>

Paragraph 2 of the Presentence Investigation Report states the offense in 96-CR-2712 allegedly occurred on April 30, 1996.  The indictment for that offense, however, indicates that the offense allegedly occurred on November 26, 1995.

Paragraph 4 of the Presentence Investigation Report states that the Defendant waived all of his appellate rights.  The Defendant, however, waived his appellate rights only as to the forfeiture issue.  The Defendant has not waived any of his appellate rights regarding the 922(g) plea.

Paragraph 10 of the Presentence Investigation Report states the Defendant was documented as a member of the Pistoleros gang.  Paragraph 32, however, correctly states that the Defendant is deemed to be an ex-gang member as of Febrary 29, 2007.

Paragraph 23 of the Presentence Investigation Report states that the base offense level after adjustment of responsibility is 21.  Paragraph 24 of the Presentence Investigation Report states that the base offense level is 33 if this Court determines that the Defendant has three prior convictions described as crimes of violence.  Since the arguments above establish that the Defendant does not have three prior convictions described as crimes of violence, this Court should find that the base offense level after adjustment of responsibility is 21.  Given the criminal history category of IV and base offense level of 21, this provides for a range of imprisonment from 57-71 months.  The Defendant respectfully requests that he be sentenced to a range of imprisonment from 57-71 months.

Paragraph 30 of the Presentence Investigation Report includes the language of "Aggravated Robbery" which should be deleted.  Paragraph 33 of the Presentence Investigation Report states the date of arrest was 2-9-99 which should be amended to read 2-9-09.  Paragraph 50 of the Presentence Investigation Report states the Defendant retained counsel in this cause.  The Defendant was indigent, however, and his wife retained counsel.

Respectfully submitted,

LAW OFFICE OF MICHAEL C. GROSS, P.C.

/s/ Michael C. Gross
Michael C. Gross
State Bar No. 08534480
106 South St. Mary's Street, Suite 260
San Antonio, Texas 78205
(210) 354-1919
(210) 354-1920 (Fax)

Attorney for the Defendant,
JOSHUA RAMIREZ

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Bettina Richardson, Assistant United States Attorney, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, and I certify that there are no non-CM/ECF participants.

/s/ Michael C. Gross
_____